**Jean DE BLASIO and Clifton De Blasio, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 85 CV 0156.**

United States District Court, E.D. New York.

Sept. 20, 1985.

Frank E. Maher, P.C., Brooklyn, N.Y., for plaintiffs; Patrick J. Kane, Brooklyn, N.Y., of counsel.

Raymond J. Dearie, U.S. Atty., for the Eastern District of New York, Brooklyn, N.Y., for defendant; Robin L. Greenwald, Asst. U.S. Atty., Brooklyn, N.Y., of counsel.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action brought under the Federal Tort Claims Act ("FTCA or "Act"), 28 U.S.C. § 1346(b) (1982), to recover for personal injuries sustained at the Gateway Sports Center, part of the Gateway National Recreation Area. Defendant has moved for summary judgment, Fed.R.Civ.P. 56, on the ground that under the FTCA the United States cannot be sued for the acts or omissions of its independent contractors. For the reasons developed below, the motion is granted.

### Facts

The undisputed material facts are as follows. On the night of August 15, 1982, plaintiff Jean DeBlasio was walking along the sidewalk between the golf driving range and the parking lot of the Gateway Sports Center, 3200 Flatbush Avenue, Brooklyn, New York. The Sports Center is part of the Gateway National Recreation Area, which is owned by the United States and administered by the Department of the Interior, National Park Service.

Plaintiff alleges that protruding cement nodules on the sidewalk caused her to fall, thus sustaining serious injuries. Claiming that the condition of the sidewalk was the result of the defendant's negligence, she now sues for her physical and emotional pain and suffering and for medical expenses. Plaintiff Clifton DeBlasio, her husband, adds a derivative claim for the loss of the support, society, services and consortium of his wife.

The Sports Center is operated as a concession by Shields and Dean Concessions, Inc. pursuant to a "Contract/Permit" entered into with the National Park Service on February 2, 1976, and covering the period April 1, 1974 to December 31, 1984. The contract, which establishes Shields and Dean as concessioner, provides that Shields and Dean is responsible for the maintenance and operation of the Sports Center. The government argues that because Shields and Dean runs the Sports Center as an independent contractor, the United States cannot be liable under the FTCA for

any negligent maintenance of the sidewalk.[1]

## Discussion

The FTCA, a limited waiver of the sovereign immunity of the United States, provides for suits against the United States for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...." 28 U.S.C. § 1346(b) (1982). The Act defines "employee of the government" to include "officers and employees of any federal agency," and specifically *excludes* from the definition of "federal agency" "any contractor with the United States." 28 U.S.C. § 2671 (1982). Thus, if Shields and Dean runs the Sports Center as an independent contractor, the FTCA does not apply and the United States is immune from suit.

■ The Supreme Court has clearly enunciated the standard to be applied in distinguishing a federal agency from an independent contractor: "A critical element ... is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976) (quoting *Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973)). I have examined the contract between the defendant and Shields and Dean and it reveals that here the government has no such power. Shields and Dean is authorized to "provide accomodations, facilities and services for the public" (contract § 2(a)), to "maintain and operate" the accomodations, facilities, and services, and to "provide the plant, personnel, equipment, goods, and commodities necessary therefor" (contract § 3(a)). It is further provided that Shields and Dean "shall provide all necessary maintenance and repairs ..." (contract § 4(f)). There is no provision for government supervision of Shields and Dean employees. Moreover, the affidavit of Robert McIntosh, Superintendent of the Recreation Area, makes clear that Shields and Dean alone is responsible for the operation and maintenance of the Sports Center (McIntosh Affidavit ¶ 3, ¶ 4, ¶ 5).

Plaintiff submits no evidence suggesting the existence of a triable issue of fact as to whether the defendant controls the "detailed physical performance" of Shields and Dean. Plaintiff does make much of the facts that Shields and Dean must operate the Sports Center to the satisfaction of the government (contract §§ 3(a), 4(g)) and that officials of the National Park Service are empowered to make periodic inspections and spot checks of the facility (Supplementary Maintenance Agreement). The question, however, is not whether the contractor "must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government." *United States v. Orleans, supra,* 425 U.S. at 815, 96 S.Ct. at 1976.

■ Defendant asserts that no "federal government agency or employee supervises the day to day operations" of the Sports Center (McIntosh Affidavit ¶ 5), and indeed the contract gives no indication that such a level of government scrutiny was within the contemplation of the parties. A provision for performance "in a manner satisfactory to the [government]" (contract § 4(g)) does not give the government day-to-day control over the operation. Rather, such a term simply enables the government to ensure that the contractor fulfills its obligations. *Buchanan v. United States*, 305 F.2d 738, 744 (8th Cir.1962). Moreover, the contract requires that Shields and Dean procure liability insurance (contract § 17). Such a provision is evidence that the contracting party is an independent contractor.

---

**1.** In a lawsuit currently pending in the New York State Supreme Court, Kings County, plaintiffs seek relief from the City of New York, the Gateway Sports Center, and Shields and Dean Concessions, Inc. The injuries alleged in that case are the same as those alleged here.

*See Lurch v. United States,* 719 F.2d 333, 338 (10th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1710, 80 L.Ed.2d 182 (1984); *Norton v. Murphy,* 661 F.2d 882, 884 (10th Cir.1981); *Buchanan v. United States,* 305 F.2d 738, 742 (8th Cir.1962).

The facts here are similar to those in *Logue v. United States,* 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). There the Federal Bureau of Prisons contracted with a county jail to house federal prisoners. *Id.* at 530–31, 93 S.Ct. at 2220–21. The contract required the county to meet the Bureau of Prisons' standards for the treatment of federal prisoners and gave the United States the right to inspect the premises. *Id.* at 531, 93 S.Ct. at 2221. The Supreme Court, holding that the existence of these provisions did not turn the independent contractor into a federal agency, relied on the fact that "the agreement gives the United States no authority to physically supervise the conduct of the jail's employees." *Id.* Similarly, here the government can police Shields and Dean's compliance with the terms of the contract, but it exerts no day-to-day supervisory power over the workers at the Sports Center. *See also Lipka v. United States,* 369 F.2d 288 (2d Cir.1966) (presence of government engineer at construction site to inspect for compliance with contract specifications and safety standards did not demonstrate sufficient government control to make the contractor an employee within the meaning of the FTCA), *cert. denied,* 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 997 (1967).

For the foregoing reasons, I have concluded that there is no genuine issue of material fact requiring a trial. Defendant has demonstrated that Shields and Dean is an independent contractor. Because the FTCA makes clear that the United States cannot be sued for the acts or omissions of such a party, the defendant is entitled to judgment as a matter of law. The motion for summary judgment is granted.

SO ORDERED.